WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theresa Cameron, ) | No. cv-08-1490-PHX-ROS |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Arizona Board of Regents, et al., ) | |
| Defendant. ) | |

Pending before the Court is Plaintiff Theresa Cameron's Motion for a Preliminary Injunction (Doc. 6). Dr. Cameron, formerly a tenured professor at Arizona State University ("ASU"), alleges that her dismissal was in violation of her Equal Protection and Due Process Rights, the Rehabilitation Act, 29 U.S.C. § 794, and 42 U.S.C. §§ 1981, 1983 and 1985. For the reasons stated herein, Plaintiff's requested relief will be denied.

## BACKGROUND

Plaintiff, an African-American woman, was hired in 1997 as an assistant professor at ASU's School of Planning and Landscape Architecture. In 2000, she was promoted to "associate professor" and granted tenure. In 2004, Plaintiff took a medical leave of absence after being diagnosed with depression; she returned to work in March of 2005. Plaintiff alleges that her requests for reasonable accommodations – scheduling her classes between 10 a.m. and 3 p.m. to compensate for medication-related fatigue – were ignored by the university.

In February of 2006, Plaintiff was removed as the instructor of a course she was teaching after being told students had expressed concerns about her class structure and preparedness. Later that year, Plaintiff was notified that she would undergo a post-tenure review; that process was never completed and Plaintiff filed a grievance due to the university's failure to do so.

On September 7, 2007, Plaintiff received a notice of dismissal alleging that she had failed to follow University protocol for obtaining student evaluations, had engaged in retaliatory conduct against two students enrolled in one of her classes, and had plagiarized course syllabi.

Plaintiff received the notice of dismissal from Defendant Michael Crow, ASU's President. She then appealed the decision and a hearing was held before the University Faculty Senate's Committee on Academic Freedom and Tenure ("CAFT"). In that hearing, the University was required to establish by a preponderance of the evidence that just cause existed for Plaintiff's dismissal. At the hearing, Plaintiff attempted to introduce an expert witness to testify as to the plagiarism charge. CAFT excluded his testimony on the ground that "his proposed testimony [did] not appear to be relevant to the issues before the committee." Plaintiff's Ex. 3. CAFT found no support in the record for the charge of improper administration of teaching evaluations and found that the charge of retaliatory conduct toward students was likewise unmerited. However, it also found that it was "uncontroverted at the hearing that Dr. Cameron plagiarized course syllabi as alleged by the Administration," and that "[p]lagiarism has been recognized by the [Arizona Board of Regents] Policies as constituting good cause for the dismissal of a tenured professor." CAFT concluded that

> although CAFT certainly condemns plagiarism in any form, because the acts of plagiarism by Dr. Cameron focused solely on course syllabi, and because Dr. Cameron appears to have committed such acts mainly due to poor judgment after return to the University from extended medical leave – rather than an intent to harm other academics by appropriating their work – CAFT believes that Dr. Cameron's mistakes would have best been addressed through the mandatory enhanced post-tenure review process or through an

improvement plan which specifically addressed any deficiencies in Dr. Cameron's syllabi.

Plaintiff's Ex. 4. Arizona Board of Regents ("ABOR") policy provides that "upon receipt and review of the hearing committee recommendation, the university president shall approve, disapprove or modify the committee recommendation . . . . The president shall not be bound by the recommendation of the committee."

Dr. Cameron requested that President Crow reconsider his decision; on August 12, 2007, he issued a nine-page decision denying reconsideration, terminating Plaintiff's employment, and advising Plaintiff that her dismissal could be appealed to Maricopa County Superior Court. In that report, he stated:

> Dr. Cameron's conduct violates the very basic and essential responsibilities of her position as a tenured faculty member in regard to teaching and students, scholarship, colleagues, and the University. Dr. Cameron failed: (1) to demonstrate intellectual honesty, (2) to foster honest academic conduct, (3) to use the creative achievements of colleagues with appropriate consultation and credit, and (4) to adhere to University policies and regulations. Dr. Cameron's repeated conduct is egregious.

Defendant's Exhibit D. Plaintiff filed that an appeal with the Maricopa County Superior Court on September 15, 2008.

## ANALYSIS

### Younger Abstention

The Court must first decide whether it should abstain from exercising jurisdiction in favor of the state proceedings that are already underway. In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that "a federal court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit except in very unusual situations, where necessary to prevent immediate irreparable injury." Samuel v. Mackell, 401 U.S. 66, 69 (1971) (formulating Younger's holding). In the ensuing years, the doctrine of Younger abstention has developed to include civil proceedings where four criteria are met:

1) there is an ongoing state judicial proceeding,

2) that implicates important state interests,

3) the federal litigant is not barred from litigating federal claims in that proceeding, and

4) the policies behind the Younger doctrine are implicated by the actions requested of the federal court.

Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (2007). Abstention by federal courts is the "exception rather than the rule." Id. at 1148 (quoting Green v. City of Tucson, 255 F.3d 1086, 1089 (9th Cir. 2001). When "each of an abstention doctrine's requirements are not strictly met, the doctrine should not be applied." Id. If the requirements for abstention are met, however, the federal court must abstain unless the state proceedings are conducted "in bad faith or to harass the litigant, or other extraordinary circumstances exist." Fresh Int'l Corp. v. Agricultural Labor Relations Bd., 805 F.2d 1353, 1356 (9th Cir. 1986).

### a. There Is an Ongoing State Judicial Proceeding.

State university tenure decisions and subsequent appeals are, indeed, state judicial proceedings as contemplated in Younger's progeny. Such state proceedings have included state disciplinary proceedings for attorneys and proceedings arising out of a license revocation by a State Board of Examiners for Engineering and Land Surveying. Middlesex County, 457 U.S. 423; Gilbertson v. Albright, 381 F.3d 965 (2004). But see, New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 369-370 (1989) (holding that ratemaking proceedings before the New Orleans City Council were not within the ambit of the Younger doctrine.).

The proceedings at issue here are clearly judicial in nature, having involved a judicial-type fact finding hearing, which included the opportunity to create a record, to be represented by counsel, and to question adverse witnesses. See Arizona Board of Regents, ABOR 6-201 L.4.g. Plaintiff notes that "[t]he president shall not be bound by the recommendation of the committee." Id. at I.1. However, the president is required to "approve, disapprove, or modify the committee recommendation or remand one or more issues for further consideration by the committee." Id. Further, the president's decision must "include a

1 statement that an appeal to the Superior Court pursuant to the Administrative Review Act, A.R.S. §12-901 et. seq., if desired, must be filed within thirty-five (35) days from the date when a copy of the decision sought to be reviewed is served upon the party affected." Id. That the president's decision is reviewable in Superior Court under the state Administrative Review Act places it firmly in the context of an agency adjudicative procedure, well-established to be judicial in nature.[1]

### b. Plaintiff's Request for Relief Implicates an Important State Interest.

The second Younger element is satisfied when "the State's interests in the [ongoing] proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 11 (1987). "The importance of the [state's] interest is measured by considering its significance broadly, rather than by focusing on the state's interest in the resolution of an individual case." Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 618 (9th Cir. 2003). Thus, a state's interest in enforcing one particular order or judgment is insufficient. See, e.g., AmerisourceBergen Corp at 1150. Nor is a state's interest in "adjudicating conflicts in a timely fashion" sufficient; "[t]he goal of Younger abstention is to avoid federal court interference with uniquely state interests such as preservation of these states' peculiar statutes, schemes, and procedures." Id. Conversely, control over state-licensed professionals is an important state interest. For instance, a state's interest "in maintaining and assuring the professional conduct of the attorneys it licenses" is sufficient to trigger Younger abstention, particularly as "[s]tates traditionally have exercised extensive control over the professional conduct of attorneys." Middlesex County, 457 U.S. at 434. See also, Trainor v. Hernandez, 431 U.S. 434, 444 (1977) (protection of the state's welfare scheme); Getty Petroleum Corp. v. Harshbarger, 807 F. Supp. 855, 858 (D. Mass. 1992) (regulation of franchised gasoline

---

[1] Even were the initial proceeding not sufficiently judicial, they effectively became judicial when they were appealed to the Maricopa County Superior Court. See e.g., San Remo Hotel v. City & County of San Francisco, 145 F.3d 1095, 1103-4 (9th Cir. 1998).

operators); H.P. Hood, Inc. v. Commissioner of Agriculture, Food & Rural Resources, 764 F.Supp. 662 (D. Maine 1991) (regulation of dairy industry pricing).

Arizona's interest here in ensuring the smooth functioning of its state university system and the integrity of its tenure process is no less important and, in fact, is closely related to regulation of other professionals.

### c. Plaintiff has Opportunity to Litigate her Federal Claims in the State Forum.

Abstention under Younger is only proper where the litigant has the opportunity to litigate federal claims in the state proceeding, though there is no requirement that those claims actually be brought. Juidice v. Vail, 430 U.S. 327, 337 (1977). Here, the Plaintiff has raised federal claims in her state court complaint for judicial review of the administrative action. However, she was limited – or her counsel understood her to be limited – in the evidence she could present in the earlier administrative proceeding to evidence relating to the three substantive charges against Plaintiff. Thus, the administrative record created was focused around these issues.

However, this does not preclude Plaintiff from receiving a fair hearing of her federal claims in state court. Section 12-910 of the Arizona Revised Statutes governs judicial review of administrative decisions. While this statute does grant deference to agency fact finding, it also provides for comprehensive review of the legal issues.

> Section 12-910(A) "allows the court to hear testimony not only from witnesses who testified at the administrative hearing but from those who did not. Section 12-910(B) also provides that "*relevant and admissible exhibits and testimony that were not offered during the administrative hearing shall be admitted*" (emphasis added) and that objections to that evidence may be heard . . . ."

Shaffer v. Arizona State Liquor Bd., 4 P.3d 460, 463 (Ariz. Ct. App. 2000). Further, Section 12-910(E) provides that an agency action shall not be affirmed if it is "not supported by substantial evidence, is *contrary to law*, is arbitrary and capricious or is an abuse of discretion" (emphasis added). The statute even provides for a *de novo* trial in certain circumstances where a hearing was not held by the agency or no transcript of the proceedings

was made. ARIZ. REV. STAT. § 12-910(C). Arizona courts regularly review the legality of administrative decisions appealed to them under the U.S. Constitution. See, e.g., Webb v. State ex rel. Ariz. Bd. of Med. Examiners, 48 P.3d 505, 508-10 (Ariz. Ct. App. 2002) (considering whether state Board of Medical Examiners procedures violated a physician's procedural due process rights); Golob v. Ariz. Med. Bd., 176 P.3d 703, 710-12 (2008) (considering whether an Arizona statute applied by the state medical board was unconstitutionally vague).

Consequently, despite Plaintiff's argument that "[u]nder Arizona law, there is no guarantee the state court will address Dr. Cameron's federal claims," the Arizona state court is not permitted to affirm agency decisions that are "contrary to law." There is thus no reason that Plaintiff's federal claims can not be fully litigated in state court.

### d. The Policies Behind the Younger Doctrine are Vindicated by Abstention.

In AmerisourceBergen Corp., the Ninth Circuit elucidated a fourth requirement: Younger abstention is only appropriate when "there is a Younger-based *reason* to abstain – i.e., if the court's actions would enjoin, or have the practical effect of enjoining, ongoing state court proceedings." 495 F.3d at 1149 (emphasis in original). The "'mere potential for conflict in the results of adjudications does not, without more, warrant staying exercise of federal jurisdiction,' much less abdicating it entirely." Id. at 1151 (quoting Colorado River Conservation Dist. v. United States, 424 U.S. 800, 826 (1976)). In AmerisourceBergen, the court found that the threat that a conflict would be created if a post-judgment motion was filed in state court or if a counterclaim was filed in a state proceeding was insufficient to actually enjoin the state proceeding. Id.

Here, however, not only is a state proceeding on this subject in full swing, Plaintiff explicitly requests that her dismissal be overturned. Deciding thus would, of necessity, enjoin the state tenure proceeding that has recently been appealed to Maricopa County Superior Court. Plaintiff argues that her "claim for preliminary injunctive relief does [not] seek to enjoin the ongoing state court action in favor of this proceeding," but "to enjoin enforcement of Defendants' decision to deprive her of her income and health benefits until

all of her claims have been adjudicated." However, Plaintiff's state proceeding arises out of the very administrative proceeding that made that decision to strip Plaintiff of her tenure. Plaintiff's requested injunction, if granted,[2] would necessarily have the effect of reversing that state administrative decision and thus enjoining the ongoing state judicial proceeding. Plaintiff's case thus falls squarely within the policies implicated by Younger.

e. The State Proceeding is not Tainted by Extraordinary Circumstances.

There is a long-recognized exception to the Younger doctrine that comes into play "in the extraordinary circumstance that the state tribunal is incompetent by reason of bias." Hirsh v. Justices of the Supreme Court, 67 F.3d 708, 713 (9th Cir. 1995). This exception includes circumstances in which "[t]he District Court properly finds that the state proceeding is motivated by a desire to harass or is conducted in bad faith." Huffman v. Pursue, Ltd., 420 U.S. 592, 611 (1975). "[O]ne who alleges bias 'must overcome a presumption of honesty and integrity in those serving as adjudicators." Id. (internal quotations omitted).

Plaintiff argues that President Crow has demonstrated such bias, as he has made statement calling his neutrality into question.[3] While Plaintiff has provided not insignificant evidence of such bias, none has been presented that overcomes the presumption of honesty or suggests that the proceeding was instituted solely to harass. This is particularly true as even the CAFT report agrees that plagiarism is sufficient to support dismissal. Perhaps more importantly, the President's decision has been appealed to state court where there is no suggestion that the state court will not fairly hear Plaintiff's claims. And, in fact, "[m]inimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard constitutional rights." Middlesex County, 457 U.S. at 431.

---

[2] In fact, as Plaintiff's Motion for Preliminary Injunction specifically states that "Defendants should be enjoined from terminating Plaintiff."

[3] Plaintiff points to, for instance, the fact that President Crow inquired whether "Plaintiff had moved out of her office yet," that he discussed Plaintiff's employment situation before the formal process was underway, and that his decision, contrary to CAFT's recommendation, was also evidence of such bias.

- 8 -

## CONCLUSION

Each of the factors required under the Younger doctrine is satisfied and Plaintiff has failed to provide sufficient evidence of any extraordinary circumstances that would justify a federal court acting to enjoin ongoing state proceedings. As a result, the Court must abstain from considering Plaintiff's requests in this Motion for Preliminary Injunction.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for Preliminary Injunction is **DENIED**.

DATED this 6th day of November, 2008.

_____
Roslyn O. Silver
United States District Judge